UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JUSTIN PATRICK WARFIELD,

    Plaintiff,

       v.                                      No. 1:26 CV 9

BRADY THOMAS, *et al.*,

    Defendants.

### OPINION and ORDER

Justin Patrick Warfield, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Warfield alleges that a fire occurred at the DeKalb County Jail after lunch on November 19, 2025. Warfield saw a light flicker and heard a loud popping sound. He then began to smell burnt plastic and diesel fuel. His cell began to fill with smoke. Warfield and others were screaming for help. A correctional officer on the range told the inmates that he could not help them because he did not have a key to the cell doors, only the food slots. The guard opened the slots to allow some ventilation.

Approximately twenty minutes after the fire began, Captain Josh Carpenter and Lt. Zack Shifflett arrived with the key and unlocked the doors manually. The inmates were moved to another cell house, which caused inmates of different security classifications to be in the same area. This area was also smoky. Two hours later, Sheriff Brady Thomas was able to move the inmates.

The Eighth Amendment[1] prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided

---

[1] Warfield's complaint indicates he was convicted and serving a sentence at the time the fire occurred. (DE # 1 at 4.)

not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

The facts alleged in Warfield's complaint do not suggest that any defendant acted with deliberate indifference. The defendants were responding to an emergency. Shifflett and Carpenter could not quickly locate keys to manually unlock cell doors, but this suggests negligence, not deliberate indifference. Similarly, Sheriff Thomas' two-hour delay in finding alternative housing for the inmates was, at most, negligent. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

This complaint does not state a claim for which relief can be granted. If Warfield believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

library. He needs to write the word "Amended" on the first page above the title

"Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Justin Patrick Warfield until **September 8, 2026**, to file an amended

complaint; and

(2) **CAUTIONS** Justin Patrick Warfield that if he does not respond by the

deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice

because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: August 5, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT